**AMERICAN CIVIL LIBERTIES
UNION OF TENNESSEE,
et al.**

v.

**Philip BREDESEN, et al.**

No. 3:03–1046.

United States District Court,
M.D. Tennessee,
At Nashville.

Sept. 24, 2004.

George Edward Barrett, Barrett, Johnston & Parsley, Susan Laurie Kay, Vanderbilt Legal Clinic Vanderbilt School of Law, Nashville, TN, Roger K. Evans, Carrie Flaxman, Donna Lee, New York City, Julie Sternberg, Caroline Mala Corbin, New York City, Helene T. Krasnoff, Washington, DC, for Plaintiffs.

Jimmy Glen Creecy, Tennessee Attorney General's Office, Nashville, TN, Robert S. Stone, Katherine M. Hamilton, Mark K. Williams, McCampbell & Young, Knoxville, TN, for Defendants.

Stephen S. Duggins, Heartfield & Duggins, P.C., Chattanooga, TN, Thomas Joseph Marzen, James Bopp, Eric Bohnet, Bopp, Coleson & Bostrom, Terre Haute, IN, for Intervenor.

## MEMORANDUM

CAMPBELL, District Judge.

Pending before the Court are Defendant Friends of the Great Smoky Mountains National Park, Inc.'s Motion for Partial Summary Judgment (Docket No. 78), Defendants Bredesen and Phillips' Motion for Summary Judgment (Docket No. 82), Intervenor New Life Resources, Inc.'s Motion for Summary Judgment (Docket No. 87), and Plaintiffs' Motion for Summary Judgment (Docket No. 90). The Court heard argument on the pending Motions on September 23, 2004.

For the reasons explained herein, Plaintiffs' Motion for Summary Judgment (Docket No. 90) is GRANTED. The Court finds that the "Choose Life" license plate statute at issue, Tennessee Code Annotated, § 55–4–306, violates the First Amendment, and it is enjoined as unconstitutional. The Court need not, and does not, reach the issue of whether Tennessee's entire license plate program is unconstitutional.

Defendant Friends of the Great Smoky Mountains National Park, Inc.'s Motion for Partial Summary Judgment (Docket No. 78) is DENIED, Defendants Bredesen and Phillips' Motion for Summary Judgment (Docket No. 82) is DENIED, and Intervenor New Life Resources, Inc.'s Motion for Summary Judgment (Docket No. 87) is DENIED.

## FACTS

This action was filed by the American Civil Liberties Union of Tennessee, Planned Parenthood of Middle and East Tennessee, Inc., Sally Levine, Hilary Chiz, and Joe Sweat, Plaintiffs, against Defendants Philip Bredesen (Governor of the State of Tennessee) and Fred Phillips (Tennessee Commissioner of Safety), in their official capacities.

Plaintiffs challenge the constitutionality of a Tennessee statute, Tennessee Code Annotated § 55–4–306, which makes available a specialty license plate with the words "Choose Life." Plaintiffs also alternatively challenge the constitutionality of the State of Tennessee's policy and practice of issuing specialty license plates in general, found at Tennessee Code Annotated § 55–4–201, *et seq.*

Plaintiffs contend that the "Choose Life" statute violates the First Amendment right of free speech. This case is about speech and not about abortion or adoption.

On March 3, 2004, the Court granted a Motion to Intervene filed by New Life Resources, Inc., a non-profit Tennessee corporation which is the principal direct financial beneficiary of the "Choose Life" license plate plan authorized by Tennessee Code Annotated, § 55–4–306. Docket No. 47. On June 15, 2004, the Court granted an unopposed Motion to Intervene filed by Friends of the Great Smoky Mountains National Park, Inc. Docket No. 74.

Under Tennessee law, the Tennessee Department of Safety is authorized to issue personalized license plates, collegiate license plates, cultural license plates, specialty earmarked license plates, new specialty earmarked license plates[1] and others. Tenn.Code Ann. § 55–4–210. The statute at issue herein, the "Choose Life Act," authorizes a specialty plate which bears the "Choose Life" slogan or logo. Tenn.Code Ann. § 55–4–306. The plate is effectively designed by its private sponsor, New Life Resources, Inc., and approved by the State. The decision to pay extra money to purchase a "Choose Life" license plate is voluntary. The General Assembly has rejected passage of a "Pro–Choice" specialty license plate statute. Docket No. 122.

Plaintiffs contend that the statute (and, alternatively, the entire specialty license place program) infringes their First and Fourteenth Amendment rights through viewpoint discrimination and the unfettered discretion given to the General Assembly.

All parties have filed Motions for Summary Judgment. For the reasons explained herein, Plaintiffs' Motion for Summary Judgment is granted, and Defendants' Motions for Summary Judgment are denied.

SUMMARY JUDGMENT

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Williams v. Mehra,* 186 F.3d 685, 689 (6th Cir.1999). In deciding a motion for summary judgment, the court must view the factual evidence and draw all reasonable inferences in favor of the nonmoving party. *Id.; Bob Tatone Ford. Inc. v. Ford Motor Co.,* 197 F.3d 787, 790 (6th Cir.1999).

To prevail, the non-movant must show sufficient evidence to create a genuine issue of material fact. *Williams,* 186 F.3d at 689. A mere scintilla of evidence is insufficient; there must be evidence on which the jury could reasonably find for the non-movant. *Id.; Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Entry of summary judgment is appropriate against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Williams,* 186 F.3d at 689.

A dispute about a material fact is "genuine" within the meaning of Rule 56 only if

---

1. "Specialty earmarked plates" are those motor vehicle registration plates authorized by statute prior to July 1, 1998, in which the statute earmarks the funds produced from the sale of the plates to be allocated to a specific organization, state agency or fund, or other entity to fulfill a specific purpose or to accomplish a specific goal. Tenn.Code Ann. § 55–4–209(6). "New specialty earmarked plates" are those "specialty earmarked plates" authorized by statute after July 1, 1998. Tenn. Code Ann. § 55–4–209(4).

"the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 106 S.Ct. at 2510. The non-moving party may not merely rest on conclusory allegations contained in the complaint, but must respond with affirmative evidence supporting its claims and establishing the existence of a genuine issue of material fact. *Cloverdale Equip. Co. v. Simon Aerials, Inc.*, 869 F.2d 934, 937 (6th Cir.1989).

## VIEWPOINT DISCRIMINATION [2]

■ The State Defendants argue that because the "Choose Life" statute is purely governmental speech, there are no constitutional constraints on that speech under the First Amendment.[3] In determining whether the State of Tennessee engaged in viewpoint discrimination in violation of the First Amendment when it authorized the "Choose Life" license plate, the Court must determine whether the alleged "speech" is purely government speech. The Court finds that it is not.

As in *Planned Parenthood of South Carolina, Inc. v. Rose*, 361 F.3d 786, 793–94 (4th Cir.2004), the Court finds that both the State and the individual vehicle owner are speaking. The Court adopts the Fourth Circuit's four-factor test and finds: "The State speaks by authorizing the Choose Life plate and creating the message, all to promote the pro-life point of view; the individual speaks by displaying the Choose Life plate on her vehicle.

Therefore, the speech here appears to be neither purely government speech nor purely private speech, but a mixture of the two." *Id.* at 794; *see also Henderson v. Stalder*, 265 F.Supp.2d 699, 717 (E.D.La. 2003).[4]

In *Sons of Confederate Veterans, Inc., v. Commissioner of Va. Dept. of Motor Vehicles*, 288 F.3d 610 (4th Cir.2002), another case involving specialty license plates, the Fourth Circuit stated: "If the General Assembly intends to speak, it is curious that it requires the guaranteed collection of a designated amount of money from private persons before the 'speech' is triggered." *Id.* at 620. Similarly, here, the State required a minimum order of at least one thousand plates prior to initial issuance and payment of an additional $35 fee per license plate before the "speech" on the "Choose Life" license plate was "triggered." Tenn.Code Ann. § 55–4–201(b)(2) and (h)(1).

The Supreme Court has made clear that the principal inquiry in assessing a claim of viewpoint discrimination is whether the government has adopted a regulation of speech because of agreement or disagreement with the message it conveys. *Rose*, 361 F.3d at 795 (citing *Ward v. Rock Against Racism*, 491 U.S. 781, 109 S.Ct. 2746, 105 L.Ed.2d 661 (1989)). Viewpoint discrimination can occur if the regulation promotes one viewpoint above others,

---

**2.** Contrary to Defendants' assertions, Plaintiffs have standing to bring their claims based upon their constitutional First Amendment injuries, as explained in the Court's prior ruling on Defendants' Motions to Dismiss. *See* Docket No. 55.

**3.** Both counsel for Defendant New Life Resources, Inc. and counsel for the Friends of the Great Smoky Mountains conceded, at oral argument, that the speech at issue herein is "mixed" speech, both government and private.

**4.** "The participants in the license plate scheme seek to express a point of view, a private point of view. In order to do so, they must find legislators willing to sponsor a bill and be an organization that is so non-controversial that the bill passes and a plate is created. These plates do not spring from the head of the legislature like Athena from the head of Zeus." *Henderson*, 265 F.Supp.2d at 717.

and—as in *Rose*—that is precisely what has happened here. *Id.*

 The government may not regulate speech based on its substantive content or the message it conveys. *Rosenberger v. Rector and Visitors of the Univ. of Virginia,* 515 U.S. 819, 115 S.Ct. 2510, 2516, 132 L.Ed.2d 700(1995). Viewpoint discrimination by the State against speech because of its message is presumed to be unconstitutional. *Id.* The government may not target particular views taken by speakers on a subject in an effort to discourage one viewpoint and advance another. *Sons of Confederate Veterans, Inc. v. Glendening,* 954 F.Supp. 1099, 1102 (D.Md.1997) (citing *Rosenberger* ). Nor may the government restrict speech based on the specific motivating ideology or the opinion or perspective of the speaker. *Id.* "When the government denies access to speakers to suppress their point of view, 'the violation of the First Amendment is all the more blatant.'" *Id.* (quoting *Rosenberger* ).

In this case, the State of Tennessee has allowed the "Choose Life" viewpoint to the exclusion of "Pro-Choice" and other views on abortion. Even if the government can selectively fund one activity and not another, as argued by Defendants, citing *Rust v. Sullivan,* 500 U.S. 173, 193, 111 S.Ct. 1759, 114 L.Ed.2d 233 (1991), it is the individual citizen, not the government, who "funds" the extra costs and speech of the "Choose Life" license plate.

This conclusion holds no matter what type of forum the license plate is considered to be—traditional public forum, designated public forum, or non-public forum. Because the State has established a license plate forum for the abortion debate, it cannot limit the viewpoints expressed in that forum. *See, e.g., Rose,* 361 F.3d at 798. The type of forum that exists is relevant only if the logo or message is viewpoint-neutral. *Sons of Confederate Veterans,* 288 F.3d at 623. "Choose Life" is not viewpoint-neutral speech.

The statute at issue makes clear that the State of Tennessee is willing to use its considerable power and resources to control private speech and to discriminate based on viewpoint. The First Amendment makes clear, however, that the State cannot do so constitutionally.

The Court finds that the statute at issue, Tennessee Code Annotated, § 55–4–306, is unconstitutional because the State of Tennessee, through this statute, discriminates based upon viewpoint. The State Defendants, therefore, are hereby enjoined from enforcing the "Choose Life" statute, Tennessee Code Annotated, § 55–4–306. The result in this case would be the same if the statute authorized a "Pro–Choice" license plate instead of the "Choose Life" license plate. Either way, it is unconstitutional viewpoint discrimination in violation of the First Amendment.

Plaintiffs have asked the Court, alternatively, to enjoin the entire license plate program. Complaint (Docket No. 1), Request for Relief. Because the Court finds the particular "Choose Life" statute to be unconstitutional, it need not, and does not, reach the question of whether the entire license plate program is unconstitutional.

IT IS SO ORDERED.